IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STATE AUTO PROPERTY AND<br>CASUALTY INSURANCE CO.,<br><br>   Plaintiff–Counter-Defendant,<br><br> versus<br><br>TAYLOR FORTUNE GROUP TENNESSEE,<br>LLC,<br><br>   Defendant–Counter-Plaintiff. | Civil Action No. 2:21-cv-02174-ILRL-DPC<br><br>Section B<br>District Judge Lemelle<br>Magistrate Judge Currault |

### STATE AUTO PROPERTY AND CASUALTY INSURANCE CO.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO LIFT THE STAY

 State Auto Property and Casualty Insurance Co. submits this Reply in support of its Motion to Lift the Stay (Rec. Doc. 55).

#### INTRODUCTION

 Taylor Fortune Group Tennessee, LLC ("TFG")'s response to the Motion to Lift the Stay confirms that the Court should re-open this case and resolve the parties' insurance-coverage dispute. In TFG's words, "[t]his Court unquestionably has discretion to lift the present stay," and whether State Auto owes a duty to defend "is justiciable." Rec. Doc. 56 at 5. Of course, TFG and State Auto still disagree about whether State Auto has a duty to participate in TFG's defense of the Underlying Action, and TFG spends much of its memorandum debating coverage. But the Motion to Lift the Stay asks the Court to do only one thing: lift the stay. The Court can grant that request in short order and *then* decide coverage issues at the dispositive-motion stage. And because TFG makes clear that it will assert claims against State Auto no matter what, continuing to stay this case will only delay the inevitable and risks prejudicing State Auto. The Court should therefore lift the stay.

- 1 -

**ARGUMENT**

**A.   TFG concedes that the duty-to-defend issue is ripe.**

At first, TFG's response memorandum seems to suggest that this case is "not justiciable." Rec. Doc. 56 at 1. But a few pages later, TFG clarifies that "[t]his Court unquestionably has discretion to lift the present stay to address State Auto's duty to defend," and TFG concedes that the duty-to-defend issue "is justiciable." *Id.* at 5.

TFG is right to concede that, at minimum, the duty-to-defend issue is justiciable. "Because the duty to defend does not depend on the outcome of the underlying law suit but rather upon the allegations in the pleadings, a duty to defend claim is ripe, and presents an actual case or controversy when the underlying suit is filed." *Tower Nat'l Ins. v. Dixie Motors*, 2015 WL 2452336, at *2 (E.D. La. May 21, 2015) (Lemelle, J.). TFG is a defendant in the Underlying Action, and TFG and State Auto dispute whether State Auto has a duty to defend TFG against that lawsuit. So as State Auto explained in opposing TFG's motion to dismiss in March 2023, this Court can resolve the duty-to-defend question now. *See* Rec. Doc. 39 at 3–8.

**B.   TFG failed to respond to most of the arguments in support of lifting the stay.**

When it moved to lift the stay, State Auto detailed why this Court should re-open this case. *See* Rec. Doc. 55-1 at 3–8. But TFG largely ignores State Auto's actual arguments. For example, TFG never addresses any of these points from State Auto's memorandum:

- The *Colorado River* test applies because TFG has not dismissed its breach-of-contract counterclaim against State Auto. Rec. Doc. 55-1 at 3 (citing *Colo. Riv. Water Conserv. Dist. v. United States*, 424 U.S. 800 (1976)). But because this case and the Underlying Action do not have the same parties or involve the same issues, they are not "parallel." *Colorado River* therefore does not authorize a stay. *Id.* at 3–4.

- Continuing to stay this case risks prejudice to State Auto. If State Auto does not owe a duty to defend, then State Auto is spending resources it does not owe. But if State Auto withdraws from TFG's defense, then it will face claims by TFG. Putting State Auto in that dilemma will frustrate the purpose of the Declaratory Judgment Act. *Id.* at 5–6.

- Lifting the stay will not harm TFG. Another insurance company is also defending TFG in the Underlying Action, and litigating State Auto's declaratory-judgment claims will not compromise TFG's position in the Underlying Action. *Id.* at 6.

- Only this Court can resolve the parties' coverage dispute. The Underlying Action will not resolve that question. *Id.* at 6–7.

- None of the factors in *St. Paul Insurance v. Trejo*, 39 F.3d 585 (5th Cir. 1994), support continuing to stay this action. Rec. Doc. 55-1 at 5–8.

TFG has waived any response to these arguments. That leaves this Court no reason to continue to impose a stay.

### C. To lift the stay, this court need not address the substance of the duty to defend or whether the duty to indemnify is ripe.

Rather than address State Auto's arguments about why this Court should lift the stay, TFG recycles its flawed arguments about whether State Auto has a duty to defend and whether the duty to indemnify is ripe. *Compare* Rec. Doc. 56 at 3–6 *with* Rec. Doc. 34-1 at 3 *and* Rec. Doc. 38 at 4–5. But TFG puts the cart before the horse. The *only* issue raised in the Motion to Lift the Stay is whether the Court should reopen this case. If this Court grants that procedural motion, then State Auto can renew its Motion for Summary Judgment, Rec. Doc. 37, and TFG can decide whether to renew its Motion to Dismiss, Rec. Doc. 34.[1] Those dispositive motions have already been briefed,

---

[1] To be sure, given its admission that the duty-to-defend issue "is justiciable," Rec. Doc. 56 at 5, and in light of established caselaw, *see generally* Rec. Doc. 39, TFG should instead *withdraw* its Rule 12(b)(1) motion to dismiss.

- 3 -

*see* Rec. Docs. 38, 39, 44, 47, and the parties can easily update their briefs to reflect the April 2023 partial settlement. *Then* the Court can decide, on full and current briefing, whether State Auto has a duty to defend and whether to address any duty to indemnify. It makes no sense to decide those issues on a motion to lift the stay.[2]

### D. TFG's incorrect accusations of "bad faith" confirms the need to lift the stay.

Because this Court can—and should—lift the stay without resolving the duty-to-defend or duty-to-indemnify issues, there is no need to respond to most of TFG's assertions. That said, TFG's baseless accusation that State Auto is acting in "bad faith" during the stay underscores the need to lift the stay.[3] It appears that TFG will continue to lob bad-faith accusations until the Court resolves the coverage dispute. The Court should therefore answer the coverage questions sooner rather than later.

#### CONCLUSION

For the reasons above and in State Auto's memorandum in support of its Motion to Lift the Stay (Rec. Doc. 55-1), this Court should lift the stay of this action.

---

[2] TFG suggests that because State Auto is participating in TFG's defense and agreed to a six-month stay as an element of a partial settlement, State Auto must owe a duty to defend. *See* Rec. Doc. 56 at 3. Not so. State Auto fully reserved its rights under the Policy, Rec. Doc. 34-2 at 1–2, and its decision to participate in TFG's defense while maintaining this declaratory-judgment is a courtesy to TFG—not an admission of coverage. The partial settlement was also not an admission of coverage—it was a compromise. In fact, TFG agreed that the partial settlement would *not* be construed as an admission of coverage. TFG is now in breach of that agreement.

[3] TFG has dismissed its bad-faith counterclaims against State Auto. Rec. Docs. 53, 54. If TFG wants to assert another bad-faith claim, then it will have to show good cause to amend the scheduling order. *See* Rec. Doc. 17 at 1 ("Amendments to pleadings … and counter-claims shall be filed no later than August 1, 2022."). TFG cannot show good cause, and in any event, any bad-faith claim would fail on the merits. State Auto does not owe a duty to defend, *see XL Spec. Ins. v. Bollinger Shipyards, Inc.*, 800 F.3d 178, 185 n.5 (5th Cir. 2015), and State Auto's position is far from "arbitrary, capricious or without probable cause," *Reed v. State Farm Mut. Auto. Ins.*, 2003-0107 (La. 10/21/03), 857 So. 2d 1012, 1020. Because State Auto and another insurer are participating in TFG's defense, TFG cannot have suffered any damage. And if TFG had any real complaint about supposed "discounts and other reductions" in legal billing, then TFG's counsel would not have waited until now to raise that billing dispute with State Auto's counsel.

Respectfully submitted this the 6th day of November, 2023,

**MAYNARD NEXSEN PC**

/s/ *Christopher C. Frost*
CHRISTOPHER C. FROST (*pro hac vice*)
JOSHUA B. BAKER (*pro hac vice*)
CALEB C. WOLANEK (*pro hac vice*)
1901 Sixth Avenue North, Suite 1700
Birmingham, AL 35203
T: (205) 254-1000
F: (205) 254-1999
cfrost@maynardnexsen.com
jbaker@maynardnexsen.com
cwolanek@maynardnexsen.com

**SCANDURRO & LAYRISSON, L.L.C.**
TIMOTHY D. SCANDURRO, Bar #18424
DEWEY M. SCANDURRO, Bar #23291, T.A.
607 St. Charles Avenue
New Orleans, LA 70130
T: (504) 522-7100
F: (504) 529-6199
tim@scanlayr.com
dewey@scanlayr.com

*Attorneys for Plaintiff–Counter-Defendant*
*State Auto Property and Casualty Insurance Co.*