BRIAN SPANG
brian.spang@klgates.com
K&L GATES LLP
70 West Madison Street, Suite 3300
Chicago, Illinois 60602
Telephone: +1 312 372 1121
Facsimile:  +1 312 827 8000

Neil Eddington (SBN 319025)
neil.eddington@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile:  +1 310 552 5001

*Attorneys for Plaintiff*
*Bernards Bros., Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARDS BROS., INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>T AND A BUILDERS, INC., a California corporation.<br><br>    Defendant. | Case No. 2:23-cv-07159-MWF-MRW<br><br>**DECLARATION OF NEIL EDDINGTON IN SUPPORT OF PLAINTIFF BERNARD BROS, INC.'S OPPOSITION TO DEFENDANT'S MOTION FOR STAY**<br><br>Date:     March 5, 2024<br>Time:    TBD<br>Place:    Courtroom 5A |

DECLARATION OF NEIL EDDINGTON

507466217.5

# DECLARATION OF NEIL EDDINGTON

I, Neil Eddington, certify and declare as follows:

1.  I am an associate with the firm K&L Gates, LLP. I am counsel of record for Claimant Bernards Bros, Inc. ("Claimant" or "Bernards") in the above-captioned matter. If called to testify as to the facts set forth in this declaration, I could and would competently testify to them.

2.  On July 10, 2023, my office filed a Demand for Arbitration on behalf of Bernards alleging claims against Tony Yacoub ("Yacoub"). Attached to that Demand for Arbitration was the arbitration agreement entered into between Bernards and Yacoub. A true and correct copy of Bernards and Yacoub's arbitration agreement is attached hereto as **Exhibit A**.

3.  Bernards subsequently amended the demand against Yacoub and presently alleges seven separate claims against him for (1) trade secret misappropriation; (2) breach of fiduciary duty; (3) interference with prospective economic relations; (4) conversion; and, (5) three claims for violation of California Business & Professions Code section 17200.

4.  Bernards and Yacoub mutually-selected the Honorable Elizabeth R. Feffer (Ret.) as their arbitrator.

5.  Bernards and Yacoub have accomplished a substantial amount of work and progress during the eight months of the arbitration proceeding thus far, including that they: (1) argued a motion for a temporary restraining order before an emergency arbitrator; (2) exchanged initial rounds of written discovery, including document productions; met-and-conferred on a forensics imaging Protocol, to which Judge Feffer ordered full compliance; (3) obtained a vendor that forensically imaged Yacoub's personal laptop, storage devices, and personal email and cloud storage accounts; 94) vendor applied search terms to the data and documents imaged from Yacoub's personal devices and email and cloud storage accounts, and is in the process of analyzing the

-1-

DECLARATION OF NEIL EDDINGTON

507466217.5

1. results; (5) scheduled an arbitration merits hearing date in November 2024; and, (6) identified deponents and begun coordinating depositions.

6. Bernards served requests for production of documents to Yacoub. Yacoub's document production was insufficient so Bernards sought compliance with its document requests from Judge Feffer.

7. Judge Feffer considered and overruled Yacoub's objections. Judge Feffer determined that Bernards' document requests were all "reasonably calculated to lead to the discovery of admissible evidence," and ordered Yacoub to provide complete, code-compliant responses and produce documents.

8. Yacoub failed to comply with that order, which forced Bernards to file a motion to compel compliance and for monetary sanctions. That motion is fully briefed and scheduled to be heard on March 8, 2024.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: March 4, 2024

_____
NEIL EDDINGTON

# EXHIBIT A

## ARBITRATION AGREEMENT

Any controversy, dispute or claim ("Claim") whatsoever between any employee ("EMPLOYEE") on the one hand, and Bernards ("COMPANY"), or any of its directors, officers, employees, agents, or representatives (collectively "COMPANY PARTIES") on the other hand, shall be settled by binding arbitration at the request of either party, in accordance with the Arbitration Rules of ADR Services, Inc. ("ADR") or other similar organization agreed upon by the parties. The Arbitration Rules for ADR can be viewed at www.adrservices.org and are also available from your manager or Human Resources.

This agreement applies to any and all disputes that exist or arise between EMPLOYEE and COMPANY or any COMPANY PARTIES including, but not limited to, any and all claims for wages and other compensation, breach of contract (express or implied), tort claims, claims for discrimination and/or harassment (including, but not limited to those on the basis of, race, sex, gender, sexual orientation, transgender, genetic characteristic, religion, national origin, age, marital status, leave status, medical condition, and disability), retaliation, claims or actions arising under the California Private Attorney General Act of 2004 (the "PAGA"), and any other claims arising out of the employment relationship or termination of the employment relationship or for violation of any federal, state, or other government law, statute, regulation, or ordinance (collectively referred to herein as "Covered Disputes"). This agreement shall not prohibit EMPLOYEE from filing administrative claims with the Workers' Compensation Appeals Board, the Employment Development Department, the National Labor Relations Board, the U.S. Department of Labor, the Equal Employment Opportunity Commission and/or the California Department of Fair Employment and Housing, nor shall this agreement prevent EMPLOYEE from cooperating in the investigation of such charges or claims.

Except for claims or actions arising under the PAGA, which can be arbitrated under this agreement, there is no right or authority for any Covered Disputes to be heard or arbitrated on a class or collective action basis or on behalf of other COMPANY employees (or any of them), or on behalf of other persons alleged to be similarly situated.  There are and shall be no judge or jury trials, and except for claims or actions arising under the PAGA, there are and shall be no class actions or collective actions permitted under this agreement for any Covered Disputes.  EMPLOYEE understands and agrees that, by signing this Agreement, he/she agree to waive his/her right to pursue class or collective action remedies in any court and in any arbitration forum.

Any arbitration hereunder will be pursuant to the Federal Arbitration Act and California substantive and procedural law, including the California Code of Civil Procedure and the California Code of Evidence.  The demand for arbitration must be in writing and made within the applicable statute of limitations period.  The arbitration shall be heard before a retired State or Federal judge in the county containing the COMPANY's office in which you were last employed.  The parties shall be entitled to conduct reasonable discovery, including conducting depositions and requesting documents.  The arbitrator shall have the

authority to resolve discovery disputes, including but not limited to determining what constitutes reasonable discovery.  The arbitrator shall prepare in writing and timely provide to the parties a decision and award which includes factual findings and the reasons upon which the decision is based.

The decision of the arbitrator shall be final, binding and conclusive on the parties, except as may otherwise be required by law.  Judgment upon the award rendered by the arbitrator may be entered in any court having proper jurisdiction.  The fees for the arbitrator shall be paid by COMPANY.  Each party shall bear its or his/her own fees and costs incurred in connection with the arbitration, except that the arbitrator shall award attorneys' fees and costs in accordance with applicable law.

In the event that there is a dispute as to whether a claim or an issue is suitable for arbitration, the arbitrator shall have the authority to make the determination.

The parties agree that if any term, provision, covenant or condition of this agreement is held by a court of competent jurisdiction to be invalid, void or unenforceable, the remaining terms and provisions of this agreement shall remain in full force and effect and shall not be affected, impaired or invalidated.  This agreement does not apply to any Claim or procedure which, as a matter of law, cannot be made the subject of an arbitration agreement.

This agreement between EMPLOYEE and the COMPANY constitutes the entire agreement between the parties with respect to the matters referenced herein.  The agreement can be modified only by a written instrument executed by EMPLOYEE and the President of the COMPANY.

**Both the COMPANY and EMPLOYEE understand and agree that by using arbitration to resolve any Claims between EMPLOYEE and COMPANY or any or all of the COMPANY PARTIES they are GIVING UP THE RIGHT THEY MAY HAVE TO A COURT TRIAL BY A JUDGE OR JURY with regard to those Claims.**

**EMPLOYEE further understands and agrees that by signing this agreement, he or she is waiving his or her right to pursue class and collective action remedies in any court and in any arbitration forum.**

| COMPANY | EMPLOYEE |
|---|---|
| By:_____ | By:_____ |
| Print Name:_____ | Print Name:_____ |
| Date:_____ | Date:_____ |

ARBITRATION AGREEMENT – *COMPANY COPY*

**Both the COMPANY and EMPLOYEE understand and agree that by using arbitration to resolve any Claims between EMPLOYEE and COMPANY or any or all of the COMPANY PARTIES they are GIVING UP THE RIGHT THEY MAY HAVE TO A COURT TRIAL BY A JUDGE OR JURY with regard to those Claims.**

**EMPLOYEE further understands and agrees that by signing this agreement, he or she is waiving his or her right to pursue class and collective action remedies in any court and in any arbitration forum.**

COMPANY

By: _[signature]_

Print Name: Liset Ramirez

Date: 10/30/19

EMPLOYEE

By: _[signature]_

Print Name: Tony Yacoub

Date: 10-30-2019